McKinney, J.,
delivered tbe opinion of the Court.
This was an action of debt brought by Thompson, as assignee of a note under seal, for §>350.00, executed by Ford to one Barrett. The defence was failure and want of consideration.
The- note was given as part of the price of a female slave, sold by Barrett to Ford, with a written warranty of soundness, and of good title. The note was assigned after it fell due.
On the trial, the defendant, Ford, proposed to prove that the slave was diseased and unsound at the time of the sale; and also offered to read the bill of sale made to him by Barrett, warranting the title and soundness of the slave; but the Court refused to admit the evidence. He likewise offered to read a certified copy of a deed of trust executed by Barrett, sometime prior to the sale of the slave to defendant, by which said slave had been conveyed to a trustee for the indemnity of a creditor of Barrett’s; but this was also refused by the Court.
It seems that the Court refused to admit the evidence on the ground, “ that the defendant still had said slave in his possession, and had not been disturbed in the possession of the same.”-
The exclusion of the evidence was erroneous in every view of the case, but more especially so in view of the act of 1856, ch. 71, the substance of which has been *267 incorporated into the Code, sec. 2918; and to this ' latter view of the case we will confine ourselves. By this statute, the defendant may, by way of defence to the action, avail himself of any matter arising out of the plaintiff’s demand, for which ‘he would be entitled to recover in a cross-action. He may also avail himself, in like manner, of any matter growing out of the original consideration of any written instrument, whether with or without seal, for which he would be entitled to maintain a cross-action.
And this right exists equally against the assignee of the original party, where the demand has passed into his hands subject to the equities by which it was affected in the possession of the assignor.
Under these express statutory provisions it is clear that the evidence offered was admissible, either to establish a partial, or total failure or want of consideration.
Judgment reversed.